UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

USA,

    Plaintiff,

v.                                              Case No: 2:12-cv-67-Ftm-29SPC

LEE COUNTY, FLORIDA,

    Defendant.

---

# JUDGMENT IN A CIVIL CASE

**Decision by Court.** This action came before the Court and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that pursuant to the Court's Order entered on April 10, 2013, judgment is entered adopting the attached Court Approved Settlement Agreement, with the Court retaining jurisdiction over its enforcement until such time as the parties seek to dismiss the case or the expiration of the time period provided in paragraph 22 of the Agreement when the injunctive relief in the Agreement shall be deemed dissolved.

April 15, 2013

                                          SHERYL L. LOESCH, CLERK

                                          s/S. Blake, Deputy Clerk

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>LEONIDES SEPULVEDA, )<br>MARCO FERREIRA, AND )<br>EDUARDO RIVERA, )<br>)<br>Plaintiff-Intervenors, )<br>)<br>v. )<br>)<br>LEE COUNTY, FLORIDA )<br>)<br>Defendant. )<br>_____ ) | Civil Action No.: 2:12-cv-67-FtM-29SPC |

## COURT APPROVED SETTLEMENT AGREEMENT

This action was brought by the United States of America ("United States") against Lee County, Florida ("Lee County" or the "County") to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"). The Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f), 42 U.S.C. § 2000e-6(b), and 28 U.S.C. §1345.

In its complaint, the United States alleges that Lee County discriminated against Marco Ferreira, Eduardo Rivera, and Leonides Sepulveda (collectively the "Plaintiff-Intervenors") on the basis of their race and national origin (Hispanic) in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by subjecting them to racial and ethnic harassment from their coworkers during their employment with the County that adversely affected the terms, conditions, and privileges of employment, and failing or refusing to take prompt remedial action to correct the

effects of the discriminatory treatment. Plaintiff-Intervenors subsequently intervened. Plaintiff-Intervenors adopted the United States' allegations and further alleged that Lee County's conduct violated 42 U.S.C. Section 1981a ("Section 1981a") and the Florida Civil Rights Act ("FCRA").

Lee County denies that it discriminated against the Plaintiff-Intervenors because of their race and national origin, and denies that it failed or refused to take prompt remedial action to correct the effects of the discriminatory treatment in violation of Title VII. Lee County further denies that it violated either Section 1981a or the Florida Civil Rights Act. Nevertheless, the United States, Plaintiff-Intervenors, and Lee County (collectively the "Parties"), desiring that this action be settled by an appropriate Court Approved Settlement Agreement (the "Agreement") and without the burden of protracted litigation, agree to the entry of this Agreement.

The Parties agree to the jurisdiction of the Court over the Parties and the subject matter of this action. For purposes of this Agreement, and subject to its approval and entry by the Court, the Parties waive hearings and findings of fact and conclusions of law on all issues, and further agree to the entry of this Agreement as final and binding between themselves as to the issues raised in the complaint filed by the United States and the matters resolved by this Agreement. The Parties further agree that entry of this Agreement will further the objectives of Title VII and be in the best interests of the Parties. This Agreement, being entered with the consent of the Parties, shall not constitute an admission, adjudication, or finding on the merits of the allegations made in the complaint.

## FINDINGS

1. Having examined the provisions of this Agreement, the Court finds the following:

   a. The Court has jurisdiction over the subject matter of this action and the Parties.

   b. The terms and provisions of this Agreement are lawful, fair, reasonable, and just.

c. The rights of the Parties are adequately protected by this Agreement.

d. This Agreement complies with the Federal Rules of Civil Procedure, Title VII, Section 1981a, and FCRA, and is not in derogation of the rights and privileges of any person.

e. Entry of this Agreement will further the objectives of Title VII, Section 1981a, and FCRA and be in the best interests of the Parties.

**NOW THEREFORE** the Court **APPROVES, ENTERS,** and **ORDERS,** the following:

## THE PARTIES

2. The sole parties to this Agreement are the United States of America, by the United States Department of Justice, Plaintiff-Intervenors Leonides Sepulveda, Marco Ferreira, and Eduardo Rivera, and Lee County, Florida.

3. Lee County and its current, former, and future agents, employees, officers, designees, and successors in interest are hereinafter referred to collectively as "Lee County" or the "County."

## NON-ADMISSION

4. This Agreement, being entered into with the consent of the Parties, shall in no way constitute an adjudication or finding on the merits of the case, nor shall it be construed as an admission by Lee County or a finding of wrongdoing or violation of any applicable federal or state law.

## GENERAL INJUNCTIVE RELIEF

5. Lee County and all individuals in active concert or participation with it agree not to:

a. discriminate against any employee with respect to his or her terms, conditions, and privileges of employment on the basis of race or national origin; and

b. retaliate against or otherwise adversely affect any person because that person has: complained about discrimination on the basis of race or national origin related to this action; participated in or cooperated with the initiation, investigation, or litigation of this action, or the administration of this Agreement; or received relief under or otherwise benefited from this Agreement.

## IMPLEMENTATION OF POLICIES AND PROCEDURES

6. Within forty-five (45) days from the date the Court enters this Agreement, Lee County shall submit to the United States for review and approval revisions to Lee County's employment discrimination policy (the "Policy").

7. The United States' approval of the revisions shall not be unreasonably withheld. However, if the United States does not believe that the revisions comply with the terms of this Agreement or with Title VII, the United States will notify the County within ten (10) days of receipt of the revisions. The United States and Lee County shall thereafter confer in good faith regarding any disagreements concerning the revisions. In the event that the United States and the County cannot resolve a disagreement concerning the revisions, the United States and Lee County shall abide by the procedures set forth in Paragraph 20. Once the United States has approved the revisions or the Court has resolved any dispute, the County shall implement the Policy within thirty (30) days.

8. No later than twenty (20) days after Lee County has implemented the Policy, the County shall: (1) distribute a copy of the Policy to all current employees of Lee County's Facilities Services & Maintenance and Repair Service Department ("Facilities

4

Management") and obtain a signed acknowledgment from all current employees, which will be placed in their personnel files, that they have read and understood the Policy; and (2) incorporate the Policy in any policy manuals or similar manuals maintained by the County. To the extent that Lee County makes personnel policies available on any County internet or intranet website, the Policy will also be made available on the County's website.

9. Each new employee of Facilities Management shall receive a copy of the Policy at the time of his or her hire. Each new employee shall sign an acknowledgment that he or she has read and understood the Policy, and the signed acknowledgment shall be placed in his or her personnel file.

## TRAINING

10. Lee County shall provide mandatory training regarding race and national origin discrimination, and the procedure for reporting allegations of discrimination and harassment, to Lee County's Director of Public Works and all Facilities Management employees. The training shall also be annually administered for newly hired or transferred employees during the life of this Agreement.

11. Within sixty (60) days from the date the Court enters this Agreement, Lee County shall submit to the United States for review and approval a description of the proposed training provider and training program, along with copies of the training materials and a list of employees (with titles) designated to be trained.

12. The United States' approval of the training shall not be unreasonably withheld. However, if the United States does not believe that the training complies with the terms of this Agreement or with Title VII, the United States will notify the County within ten (10) days of receipt of the information regarding the proposed training. The Parties shall

5

thereafter confer in good faith regarding any disagreements concerning the training. In the event that the United States and the County cannot resolve a disagreement concerning the training, the United States and Lee County shall abide by the procedures set forth in Paragraph 20. Once the United States has approved the training or the court has resolved any dispute, Lee County shall implement the training within sixty (60) days.

13. Within twenty (20) days of the training described in Paragraph 10, Lee County shall provide to the United States a list of employees (with titles) who attended the training, and written confirmation that all persons covered by Paragraph 11 attended the training.

### INDIVIDUAL RELIEF

14. Lee County shall pay Plaintiff-Intervenors $97,500 each, of which $58,500 shall be designated as compensatory damages and $39,000 shall be designated as attorney's fees. Lee County shall pay the attorney's fees portion of the payment directly to Romano Law Center, P.A. Lee County shall report to the IRS all payments to Plaintiff-Intervenors and Romano Law Center, P.A. using the appropriate IRS forms.

15. Lee County shall pay the monetary awards specified in Paragraph 14 by certified or bank check or by direct deposit, within fifteen (15) days of the date of entry of this Agreement.

16. Lee County shall provide to the United States copies of the checks or direct deposit records at the time it pays the monetary awards to the Plaintiff-Intervenors.

### RELEASE

17. For and in consideration of the above relief, the United States and Plaintiff-Intervenors forever release and discharge the County and all of its current, former, and future agents, employees, officials, designees, predecessors and successors in interest, from all legal

and equitable claims arising out of the facts set forth in the complaints filed by the United States and Plaintiff-Intervenors in this matter and in the above-captioned civil action accrued prior to the date of this release. Lee County and Plaintiff-Intervenors have entered into a separate release governing Plaintiff Intervenors' release of claims against Lee County as a condition precedent to Lee County's execution of this Agreement.

## RECORDKEEPING

18. Lee County shall retain all records, including electronic mail, that comes into its possession relating to complaints or charges of employment discrimination based on race or national origin made against the County or its employees, agents, or representatives through the County's internal complaint procedure, the Equal Employment Opportunity Commission, or any other federal or state agency authorized to receive such complaints or charges. The United States shall also have the right to inspect and copy all documents relating to such complaints or charges upon reasonable notice to the County.

## ADDITIONAL PROVISIONS

19. Without further order of the Court, the United States may review compliance with this Agreement at any time, and shall have the right to inspect and copy documents that are relevant and necessary to monitor the County's compliance with this Agreement. Unless otherwise stated in this Agreement, the County shall produce documents or make them available for inspection within thirty (30) days of a written request by the United States.

20. The Parties shall attempt to resolve informally any dispute that may arise under this Agreement. If the Parties are unable to resolve the dispute expeditiously, any party may move the Court for a resolution of the issue, provided that the moving party gives written notice to the other party at least ten (10) days prior to the filing of any motion.

21. The Court shall retain jurisdiction over this Agreement for the purpose of resolving any disputes or entering any orders that may be necessary to implement the relief provided for in this Agreement.

22. Eighteen (18) months from the date of entry of this Agreement, this Agreement shall dissolve and this action shall be dismissed without further order of the Court, unless this Agreement is extended by the Court. The time frame for completion of any act required by this Agreement may be modified upon mutual written consent of the Parties. The Parties may jointly agree to other modifications of this Agreement with the approval of the Court.

23. Other than the attorney's fees set forth in this Agreement, the Parties shall bear their own costs, expenses, and attorney's fees in this action, including the costs of compliance or monitoring.

24. All documents required to be delivered under this Agreement to the United States shall be sent by an express mail service or electronic mail to:

> Chief, Employment Litigation
> c/o Brian G. McEntire
> Senior Trial Attorney
> U.S. Department of Justice
> Civil Rights Division
> Employment Litigation Section
> Fourth Floor, PHB
> 601 D Street, N.W.
> Washington, DC 20579
> brian.mcentire@usdoj.gov

8

25. If any provision of this Agreement is found to be unlawful, only the specific provision in question shall be affected, and the other provisions will remain in full force and effect.

DONE AND ORDERED at Fort Myers, Florida, this /0 day of April, 2013.

*[signature]*
THE HONORABLE JOHN E. STEELE
UNITED STATES DISTRICT COURT JUDGE

**AGREED AND CONSENTED TO:**

FOR PLAINTIFF UNITED STATES OF AMERICA:

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

By: _____
DELORA L. KENNEBREW, GA Bar No. 414320
Chief
Employment Litigation Section
Civil Rights Division

_____
ESTHER G. LANDER, DC Bar No. 461316
Deputy Chief
Employment Litigation Section
Civil Rights Division

_____
BRIAN G. MCENTIRE, VA Bar No. 48552
*Trial Counsel*
Senior Trial Attorney
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
Room 4908, PHB
950 Pennsylvania, Ave., NW
Washington, DC  20530
Telephone: (202) 305-1470
Facsimile: (202) 514-1105
E-mail: Brian.McEntire@usdoj.gov

FOR PLAINTIFF-INTERVENORS LEONIDES SEPULVEDA, MARCO FERREIRA, AND EDUARDO RIVERA:

_____
JAY ROMANO, FL Bar No. 934097
Romano Law Center, P.A.
2255 Glades Road, Suite 324A
Boca Raton, FL 33432


_____
LEONIDES SEPULVEDA
Plaintiff-Intervenor


_____
MARCO FERREIRA
Plaintiff-Intervenor


_____
EDUARDO RIVERA
Plaintiff-Intervenor


FOR DEFENDANT LEE COUNTY, FLORIDA:

_____
MARK E. LEVITT, FL Bar No. 193190
Allen, Norton & Blue
1477 West Fairbanks Avenue
Suite 100
Winter Park, FL 32789-7113
Telephone: (407) 571-2152
Facsimile: (407) 571-1496
E-mail: MLevitt@anblaw.com


11

# CIVIL APPEALS JURISDICTION CHECKLIST

1. **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a) **Appeals from final orders pursuant to 28 U.S.C. Section 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

    (b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c) **Appeals pursuant to 28 U.S.C. Section 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d) **Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5:** The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2. **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

    (a) Fed.R.App.P. 4(a)(1): A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

    (b) Fed.R.App.P. 4(a)(3): "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c) Fed.R.App.P.4(a)(4): If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d) Fed.R.App.P.4(a)(5) and 4(a)(6): Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

    (e) Fed.R.App.P.4(c): If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).